# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ROBERT L. WILDMAN,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0552** (BOR Appeal No. 2053862)
(Claim No. 2013019364)

**BALL METAL FOOD CONTAINER CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert L. Wildman, by Counsel James T. Carey, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Ball Metal Food Container Corp., by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. On October 24, 2017, the claims administrator granted Mr. Wildman a 2% permanent partial disability award. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's grant of 2% in an Order dated January 7, 2019. This appeal arises from the Board of Review's Order dated May 17, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wildman completed an Employees' and Physicians' Report of Injury on January 14, 2013, representing that he had worked as a coater operator for Ball Metal Food Container Corporation. The physician's portion of the application was signed by William Hagberg, M.D., who indicated that Mr. Wildman suffered from bilateral carpal tunnel syndrome as a result of an occupational injury. Initially, the claim was rejected on February 15, 2013, based on the

1

timeliness of Mr. Wildman's filing of his claim.[1] Mr. Wildman protested this decision. The compensability ruling was later reversed by the Office of Judges on December 20, 2013, and the claim was ruled compensable for bilateral carpal tunnel syndrome. The decision was affirmed by the Board of Review on April 22, 2014.

On April 9, 2014, Dr. Hagberg completed right carpal tunnel release. Mr. Wildman underwent left carpal tunnel release on May 17, 2014. On June 26, 2014, Mr. Wildman returned to Dr. Hagberg, who noted that he was doing well post-surgery, and he was released to return to full duty work on July 14, 2014.

Mr. Wildman underwent an independent medical evaluation with ChuanFang Jin, M.D., on September 12, 2017. He reported continued numbness in his hands and fingers. Mr. Wildman reported that his company closed in January 2017 and he was no longer exposed to his prior ergonomic hazards. Dr. Jin listed his residual symptoms as being mild. Dr. Jin also found Mr. Wildman to have reached his maximum degree of medical improvement and determined that he had a 2% whole person impairment rating. Based upon Dr. Jin's recommendation, the claims administrator granted Mr. Wildman a 2% permanent partial disability award on October 24, 2017. Mr. Wildman protested the claims administrator's decision.

In support of his protest, Mr. Wildman submitted the May 23, 2018, independent medical evaluation report from Srini Govindan, M.D. In his report, Dr. Govindan indicated that he also performed a physical examination of Mr. Wildman, and he reviewed the findings of Dr. Jin. Although he agreed with Dr. Jin's assessment that Mr. Wildman was at his maximum medical improvement, he disagreed with the amount of impairment in the claim. He noted that carpal tunnel syndrome prevents future damage to the median nerve, but Mr. Wildman's surgery was delayed for two years after the first EMG diagnosis of industrial carpal tunnel syndrome, which would explain his significant median nerve damage. Dr. Govindan found that Mr. Wildman had abnormalities in light touch, pin sensation, and vibration. Dr. Govindan estimated 7% whole person impairment.

A July 25, 2018, independent medical evaluation report of Kelly Agnew, M.D., noted that Mr. Wildman reported ongoing numbness in his index, long, and ring fingers, as well as his thumbs on both sides. He had not followed-up with his surgeon, and he had not taken any prescription medications. Dr. Agnew reported an impression of occupational bilateral carpal tunnel syndrome, together with a history of bilateral carpal tunnel release surgery. Mr. Wildman's ongoing complaints with nonorganic manifestations rendered his sensory evaluation invalid. Pursuant to the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993), Dr. Agnew found no additional impairment beyond the 2% previously awarded.

---

[1] Mr. Wildman was first diagnosed with bilateral carpal tunnel syndrome on December 7, 2009, by Rupinder Arora, M.D. He underwent EMG/NCS testing on January 13, 2010, with Amrik Chattha, M.D. The results revealed evidence of severe bilateral carpal tunnel syndrome. Records indicate that Mr. Wildman did not return to see Dr. Arora regarding his diagnosis until December 27, 2012. He was then referred to Dr. Hagberg.

On January 7, 2019, the Office of Judges entered an Order affirming the claims administrator's October 24, 2017, 2% permanent partial disability award. The Office of Judges concluded that the preponderance of the medical evidence supports that Mr. Wildman has 2% permanent partial disability attributable to his occupational bilateral carpal tunnel syndrome. After weighing the medical evidence, the Office of Judges relied upon the expertise of Dr. Agnew, an orthopedic surgeon, and Dr. Jin, an expert in occupational medicine, to determine that the record does not support a finding that Mr. Wildman has more permanent partial disability impairment that the 2% previously granted to him. The residual symptoms documented by Dr. Govindan was not found to be established and supported by the record. Accordingly, the Office of Judges concluded that the reports of Drs. Agnew and Jin sufficiently establish that Mr. Wildman simply has a 2% impairment rating in regard to his carpal tunnel syndrome. On May 17, 2019, the Board of Review adopted the findings of fact and conclusions of law found by the Office of Judges and affirmed the January 7, 2019, decision affirming the claims administrator's 2% permanent partial disability award.

After review, we agree with the decision of the Office of Judges as affirmed by the Board of Review. The Office of Judges found that the medical evidence does not support the finding that Mr. Wildman has more than the 2% award granted to him previously. Although Dr. Govindan recommended a higher amount of impairment, the Office of Judges determined that his findings are not otherwise corroborated by the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison